IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RUDY H. BARR as guardian of WALLACE D. POWERS<br><br>Plaintiff,<br><br>vs.<br><br>MARSHALL E. TOLBERT MD individually, ANCHORAGE NEUROSURGICAL ASSOCIATES, INC., SUSANNE E. FIX MD, individually and ALASKA NEUROSCIENCE ASSOCIATES, INC.,<br><br>Defendants. | COPY<br>Original Received<br>OCT 14 2013<br>Clerk of the Trial Courts |

Case No. 3AN-13-_____ CI

## COMPLAINT

Plaintiff, by and through counsel, states and alleges as follows:

1. Plaintiff Rudy H. Barr is a resident of the Third Judicial District, state of Alaska and the court appointed guardian of Wallace D. Powers.

2. Wallace D. Powers, at all times relevant, was a patient of defendant Susanne E. Fix MD and defendant Marshall E. Tolbert MD and is currently the ward of plaintiff Rudy Powers

3. At all times relevant, Defendant Marshall E. Tolbert MD was a physician licensed and authorized to provide physician services in the State of Alaska, specializing in the medical field of neurosurgery.

Complaint
Barr v. Tolbert et. al.
Page 1

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

4. At all times relevant, on information and belief, defendant Anchorage Neurological Associates Inc., was the employer of and the legal entity through which defendant Marshall E. Tolbert MD practiced medicine and was a corporation licensed and authorized to do business in the State of Alaska.

5. At all times relevant, Susanne E. Fix MD was a physician licensed and authorized to provide physician services in the State of Alaska, specializing in the medical field of neurosurgery.

6. At all times relevant, on information and belief, defendant Alaska Neuroscience Associates Inc., was the employer of and legal entity through which defendant Susanne E. Fix MD practiced medicine and was a corporation licensed and authorized to do business in the State of Alaska.

7. Jurisdiction for this action is proper under AS 22.10.020 and AS 9.05.015. Venue for this action is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3.

8. On or about October 12, 2011, Wallace Powers was diagnosed with a mass in the posterior fossa that appeared to be tentorially based (tumor) and was referred to defendant Susanne E. Fix MD (Dr. Fix) for neurosurgical treatment.

9. On or about October 13, 2011 Dr. Fix performed surgery for the purpose of obtaining a biopsy of the tumor, removing the tumor and the placement of a ventriculostomy.

Complaint
Barr v. Tolbert et. al.
Page 2

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

10. Dr. Fix aborted the October 13, 2011 surgery because of excessive bleeding and referred Mr. Powers to Marshall E. Tolbert MD for cerebral angiogram for embolization of the tumor in order to facilitate safe removal of the tumor.

11. On October 19, 2011 Wallace Powers was transferred from Alaska Native Medical Center to Alaska Regional Hospital where defendant Marshall E. Tolbert MD (Dr. Tolbert) performed the following procedures: bilateral common carotid artery angiograms, bilateral internal carotid artery angiograms, bilateral external carotid artery angiograms and polyvinyl alcohol particle embolization, right occipital artery, left middle meningeal artery and left ascending pharyngeal artery (embolization procedure).

12. Shortly after appearing to recover from the embolization procedure without complications or evidence of any neurologic impairment, Wallace Powers experienced the sudden onset of a severe headache and immediately thereafter became somnolent and sonorous and developed respiratory failure that required intubation.

13. CT examination of Wallace Powers' head following the severe headache experienced shortly after his initial recovery from the embolization procedure on October 19, 2011 was conducted and compared with an earlier CT scan of October 12, 2011 which demonstrated, inter alia, compression or obliteration of the fourth ventricle, smaller lateral ventricles and irregular increased density extending into the soft tissues of the posterior neck suggestive of an extension of a hematoma.

14. Shortly after the CT examination of Wallace Powers' head on October 19, 2011, MRI examination of Wallace Powers' head was undertaken which demonstrated,

Complaint
*Barr v. Tolbert et. al.*
Page 3

inter alia, edema and associated hemorrhage in the posterior fossa superior to the midline and above and within the cerebellum causing mass effect that obliterates the 4th ventricle, posterior inferior cerebellar brain parenchyma and hemorrhage, hemorrhage that extends into the third ventricle, smaller lateral ventricles and residual uncinate herniation into the foramen magnum.

15. On October 20, 2011, Wallace Powers was transferred from Alaska Regional Medical Center back to the Alaska Native Medical Center.

16. On October 21, 2011, more than 36 hours after Wallace Powers experienced the sudden onset of a severe headache and corresponding neurologic deterioration on October 19, 2011, Dr. Fix performed surgery for the purpose of, inter alia, relieving the pressure on Wallace Power' brain stem and to remove the remainder of his tentorial brain tumor.

## COUNT I (Marshall Tolbert MD)

17. Plaintiff incorporates paragraphs 1 through 16 above as if fully set forth herein.

18. On information and belief, Defendant Marshall E. Tolbert MD had prompt notice of Wallace Powers' October 19, 2011 clinical course and condition and the CT and MRI films and reports of his head and brain following the embolization procedure on October 19, 2011.

19. Defendant Marshall E. Tolbert MD owed plaintiff a duty to assess, diagnose and treat Wallace Powers with the degree of experience and/or care and/or

Complaint
*Barr v. Tolbert et. al.*
Page 4

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

knowledge and/or skill and/or judgment possessed by or ordinarily exercised by physicians specializing in the medical field of neurosurgery.

20. Defendant Marshall Tolbert MD acted negligently and/or in reckless disregard for the health and safety of ward Wallace Powers by failing to possess the experience and/or exercise the degree of care and/or knowledge and/or skill and/or judgment possessed by or ordinarily held or exercised by medical providers trained and specializing in neurosurgical medicine, more particularly by failing to take prompt action to appropriately treat Wallace Powers after Mr. Powers' clinical condition deteriorated after the embolization procedure on October 19, 2011.

21. As a direct and proximate cause of defendant Marshall Tolbert MD's negligent and/or reckless conduct as alleged herein, Wallace Powers sustained a severe brain injury resulting in severe and permanent neurologic, cognitive and physical impairments that are more than 70 percent disabling.

22. As a direct and proximate consequence of defendant Marshall Tolbert MD's negligent and/or reckless conduct as alleged herein, Wallace Powers has sustained harms and losses including past and future medical expenses, past earnings and future loss of earnings capacity and past and future pain, physical and cognitive disability, loss of enjoyment of life and associated anxiety in an amount to be determined at trial.

FLANIGAN & BATAILLE
1007 West 3d Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Complaint
*Barr v. Tolbert et. al.*
Page 5

## COUNT II (Anchorage Neurologic Associates, Inc.)

23. Plaintiff incorporates paragraphs 1 through 22 above as if fully set forth herein.

24. Under the doctrine of *respondeat superior*, defendant Anchorage Neurosurgical Associates. Inc. is liable for the negligent and/or reckless conduct of its employee and/or owner, defendant Marshall E. Tolbert MD, while acting within the course and scope of his employment and/or ownership of defendant Anchorage Neurosurgical Associates Inc.

## COUNT III (Susanne Fix MD)

25. Plaintiff incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant Susanne E. Fix MD owed plaintiff a duty to assess, diagnose and treat ward Wallace Powers with the degree of experience and/or care and/or knowledge and/or skill and/or judgment possessed by or ordinarily exercised by physicians specializing in the medical field of neurosurgery.

27. Defendant Susanne E. Fix MD acted negligently and in reckless disregard of the health and safety of ward Wallace Powers by failing to possess the experience and/or exercise the degree of care and/or knowledge and/or skill and/or judgment possessed by or ordinarily held or exercised by medical providers trained and specializing in neurosurgical medicine, more particularly by failing to take prompt

Complaint
*Barr v. Tolbert et. al.*
Page 6

action to appropriately treat Wallace Powers after Mr. Powers' clinical condition deteriorated after the embolization procedure on October 19, 2011.

28. As a direct and proximate cause of defendant Susanne E. Fix MD's negligent and/or reckless conduct as alleged herein, Wallace Powers sustained a severe brain injury resulting in severe and permanent neurologic, cognitive and physical impairments that are more than 70 percent disabling.

29. As a direct and proximate consequence of defendant Susanne Fix's negligent and/or reckless conduct as alleged herein, plaintiff has sustained harms and losses including past and future medical expenses, past earnings and future loss of earnings capacity and past and future pain, physical and cognitive disability, loss of enjoyment of life and associated anxiety in an amount to be determined at trial.

### COUNT IV (Alaska Neuroscience Associates)

30. Plaintiff incorporates paragraphs 1 through 29 above as if fully set forth herein.

31. Under the doctrine of *respondeat superior*, defendant Alaska Neuroscience Associates, Inc. is liable for the negligent and/or reckless conduct of its employee and/or owner, defendant Susanne E. Fix MD, while acting within the course and scope of her employment and/or ownership of defendant Alaska Neuroscience Associates, Inc.

Wherefore, plaintiff prays for judgment against defendants as follows:

Complaint
*Barr v. Tolbert et. al.*
Page 7

1. An award of compensatory damages in amount to be proven at trial, but in any case to exceed the jurisdictional limits of this court;

2. An award of interest, costs and attorney's fees and any other legal or equitable relief the court deems fair and equitable.

Dated this 14th day of October, 2013.

FLANIGAN & BATAILLE
Counsel for Plaintiff

By: _____
CHRIS BATAILLE, ABA# 8406011

Complaint
Barr v. Tolbert et. al.
Page 8

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804